James S. BARTELLE, Petitioner,

v.

McLEAN TRUCKING COMPANY and Transport Insurance Company, Respondents.

No. 81–1735.

United States Court of Appeals, Fourth Circuit.

Argued March 30, 1982.

Decided Sept. 1, 1982.

Peter C. Depaolis, Landover, Md. (Joseph H. Koonz, Jr., Carolyn McKenney, Roger C. Johnson, Koonz, McKenney & Johnson, P. C., Landover, Md., on brief), for petitioner.

Jeffrey W. Ochsman, Washington, D. C. (Gerald Herz, Friedlander, Misler, Friedlander, Sloan & Herz, Washington, D. C., on brief), for respondents.

Before PHILLIPS, ERVIN and CHAPMAN, Circuit Judges.

ERVIN, Circuit Judge:

James S. Bartelle appeals from the decision of the Benefits Review Board denying him disability benefits under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.* (1978). After hearing the evidence, the Administrative Law Judge held that no work-related accident occurred and that Bartelle suffered no injury as defined by the Act. The Benefits Review Board, with one judge dissenting, affirmed on the ground that there was substantial evidence to support the ALJ's determination that no work-related accident took place. We affirm.

■ Bartelle contends that the ALJ and the Benefits Review Board erred in failing to apply the statutory presumption of compensability under 33 U.S.C. § 920(a) (1978). This section provides that "[i]n any proceeding for the enforcement of a claim for compensation under [the Act] it shall be presumed, in the absence of substantial evidence to the contrary . . . [t]hat the claim

comes within the provisions of [the Act]." Although, as the Supreme Court recently stated, "[t]he coverage of the presumption is debatable," *see U. S. Industries/Federal Sheet Metal, Inc., et al. v. Director, Office of Workers' Compensation Programs, et al.,* —— U.S. ——, 102 S.Ct. 1312, 71 L.Ed.2d 495 (1982), the Act itself requires proof of an "accidental injury . . . arising out of and in the course of employment."; 33 U.S.C. § 902(2).

The ALJ did not apply the presumption in this case because he concluded that Bartelle had not established a prima facie showing that an accidental injury occurred as alleged. In essence, the ALJ discredited Bartelle's testimony supporting a prima facie showing that he was injured by an accident at work. Bartelle's contention that he was entitled to the benefit of the statutory presumption even though the ALJ discredited his testimony was answered by the Supreme Court in *U. S. Industries/Federal Sheet Metal, Inc., et al. v. Director, Office of Workers' Compensation Programs* :

Riley's [the claimant's] claim stated a prima facie case of compensability; if the administrative law judge had believed Riley's allegations, he would have found that Riley's attack of pain in the early morning of November 20 was caused by an injury suffered when Riley was lifting duct work on the job on November 19. The judge, however, disbelieved Riley's allegations and marshalled evidence to support his findings. The statutory presumption did not require him to adjudicate any claim that was not made, and the Court of Appeals erred in remanding for that purpose.

—— U.S. at ——, 102 S.Ct. at 1318.

Thus, unless we find the ALJ's credibility determinations to be patently unreasonable or to be in conflict with the clear preponderance of the evidence, we must affirm. *See Cordero v. Triple A. Machine Shop,* 580 F.2d 1331, 1335 (9th Cir. 1978).

■ Bartelle alleged that he received a permanently disabling back injury when he fell backwards on the blade of a handtruck at a McLean Trucking Company loading

dock. He stated that his fall occurred after a 250 to 300 pound reel of wire became dislodged from a pallet and fell on the end of his shoe. The ALJ declined to credit Bartelle's testimony when numerous inconsistencies arose and when employees working close by testified that they heard no reel fall and found the handtruck leaning against the wall when they responded to Bartelle's call for help. Further, although Bartelle complained of paralysis and back pain, the examining physician could find no bruises or cuts on Bartelle's back and no x-ray or other objective sign of injury. The ALJ also noted that Bartelle had been disciplined several times in the few months prior to the alleged injury for failing to come to work and that Bartelle had told a co-worker the day before the alleged accident that he was expecting to be fired and was not going to return to his job. The decision to discredit Bartelle's testimony in this case was certainly reasonable and the conclusion that Bartelle suffered no accident as he alleged is supported by substantial evidence.

AFFIRMED.